UNITED STATES *ex rel.* SPINK.[1]

UNITED STATES *ex rel.* WILLIAMS.[1]

*(Circuit Court, E. D. Louisiana.   March 3, 1884.)*

1. HABEAS CORPUS.

Where parties have a right, under the laws of the United States, to pilot vessels in and out of the Mississippi river to the sea through South pass, although they are not duly licensed and commissioned branch pilots under the laws of Louisiana, to imprison them for exercising this right is to imprison them in violation of the laws of the United States.

2. SAME.

The orders and writs of this court are issued under and by the authority of the laws of the United States, and when the affidavits against the relators were made in contempt of the restraining orders of this court, and the relators are imprisoned by virtue of such affidavits, they are imprisoned in violation of the laws of the United States.

3. SAME—JURISDICTION—REV. ST. 753.

If relators are imprisoned in violation of the laws of the United States, this court, under section 753, Rev. St., has jurisdiction to issue a writ of *habeas corpus* to inquire into the cause of their detention, and upon the hearing it has jurisdiction, and it is its duty to discharge them.

[1] Reported by Joseph P. Hornor, Esq , of the New Orleans bar.

*Habeas Corpus.*

*E. Howard McCaleb, Joseph P. Hornor,* and *F. W. Baker,* for relators.

*James R. Beckwith, contra.*

PARDEE, J. In our opinion these parties, Spink and Williams, have a right, under the laws of the United States, to pilot vessels in and out of the Mississippi river to the sea through South pass, although they are not duly licensed and commissioned branch pilots under the laws of Louisiana. It has been practically so decided by this court in *The Flynn. Case,* the district judge presiding, at the November term, 1882, which case is now pending on appeal in the Supreme Court of the United States. To imprison them for exercising this right is therefore, in the opinion of this court, to imprison them in violation of the laws of the United States. We desire to express our great respect for the opinions and decisions of the supreme court of the state of Louisiana; and the opinion here presented in the case *Ex rel. Williams* v. *Livaudais,* 35 La. Ann. ——, lately decided, we have considered attentively; but as the question in controversy is one as to the proper construction of the laws of the United States, and of their force and effect, we feel bound to follow the adjudicated cases of our court, rather than the opinion of a state court, although of conceded high rank and authority in all questions of law. Further, in these present cases it appears that the affidavits upon which these relators have been arrested, and are now imprisoned, were made by several persons who are each defendants in certain equity cases now pending in this court, wherein this same right to pilot through South pass is involved, and wherein these persons have been severally restrained and enjoined, until the further orders of court, from making such affidavits and instituting such proceedings. The various orders and writs of this court are issued under and by authority of the laws of the United States. As the affidavits were made in contempt of the restraining orders of this court, and as the relators are imprisoned by virtue of such affidavits, it would seem from this view also that the relators are imprisoned in violation of the laws of the United States. If these relators are imprisoned in violation of the laws of the laws of the United States, this court, under section 753, Rev. St., has jurisdiction to issue a writ of *habeas corpus* to inquire into the cause of their detention, and, upon the hearing, it has jurisdiction, and it is its duty to discharge them.

BILLINGS, J., concurred.